552 P.2d 1198

**Henry D. SMITH, Sr., Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Tucson, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 12695–PR.**

Supreme Court of Arizona, En Banc.

July 19, 1976.

Davis, Eppstein & Tretschok, by Dale D. Tretschok, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by George B. Morse, Tucson, for respondents employer and carrier.

HAYS, Justice.

Henry Smith, petitioner, was injured during the course of his employment on May 19, 1972. Several hearings were held by the Industrial Commission which found that the medical evidence failed to establish that petitioner had sustained any permanent disability. Petitioner filed a request for review. The Industrial Commission affirmed its decision. A writ of certiorari was granted by the Court of Appeals which set aside the award. We accepted the petitions for review. The opinion of the Court of Appeals is vacated. *Smith v. Industrial Commission*, Ariz.App., 547 P.2d 1097 (1976).

Petitioner testified that he was filling cement into a form in the motor pool area for respondent employer, City of Tucson, when something popped in his back. He was treated by several physicians who recommended various courses of treatment. Dr. Farouk Habra testified that pain was the basic limiting factor in petitioner's condition which prevented him from returning to heavy duty type work. Dr. Habra further testified that the accident-produced pain was merely a subjective finding. Since there was no objective finding as required by the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), he could not rate petitioner's impairment [1] within the criteria of the AMA Guides.

---

1. We adopt the definitions of the terms "permanent impairment" and "permanent disability" found in the *Preface* to the AMA Guides:

"(1) *Permanent Impairment.*—This is a purely medical condition. Permanent impairment is any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved, which abnormality or loss the physician considers stable or nonprogressive at the time evaluation is made. It is always a basic consideration in the evaluation of permanent disability.

"(2) *Permanent Disability.*—This is not a purely medical condition. A patient is 'permanently disabled' or 'under a permanent disability' when his actual or presumed ability to engage in gainful activity is reduced or

Petitioner presents two questions on appeal:

1. Is Rule 13(d), Rules of the Industrial Commission of Arizona an unlawful exercise of legislative authority in that it requires the use of the AMA Guides before a permanent impairment can be given to an industrial claimant?

2. Is subjective pain compensable under the Workmen's Compensation law?

By its enactment of A.R.S. § 23–921(B) the legislature gave to the Commission general rule-making power in the workmen's compensation field.[2] In addition, there is a specific grant of rule-making authority for the determination of scheduled and unscheduled permanent partial disability and reduction in earning capacity under A.R.S. § 23–1044.[3]

■ From a plain reading of these sections there can be no doubt that the legislature intended that the commission administratively regulate in this area. But the question remains: Is Rule 13(d) a reasonable exercise of the legislative delegation of authority?

"It is fundamental in administrative law that an administrative agency or commission must exercise its rule-making authority within the grant of legislative power as expressed in the enabling statutes. Any excursion by an administrative body beyond the legislative guidelines is treated as an usurpation of constitutional powers vested only in the major branch of government. [citations omitted]." *Swift & Co. v. State Tax Commission,* 105 Ariz. 226, 230, 462 P.2d 775, 779 (1969).

There is no assertion that the AMA Guides themselves are unreasonable or unreliable in the measurement of physical impairment. But here Dr. Habra testified that he could rate the petitioner's impairment but did not do so since it was not covered by the AMA Guides. On this basis the hearing officer ruled that the petitioner could not be awarded a permanent disability. It is not the adoption of Commission Rule 13(d) and the AMA Guides that is an unlawful exercise of legislative authority, but their application in this situation is an abuse of that delegated power.

■ In *Adams v. Industrial Commission,* Ariz., 552 P.2d 764 (1976), we indicated that Rule 13(d) may not be interpreted in such a manner as to deprive a claimant of just compensation. Our holding in *Adams v. Industrial Commission, supra,* is dispositive of this question:

"We hold that Rule 13(d) must be so interpreted that the AMA Guides apply exclusively to the evaluation of permanent impairment to the extent that the

---

absent because of 'impairment' which, in turn, may or may not be combined with other factors. . . .

"(3) *Evaluation (Rating) of Permanent Impairment.*—This is a function that physicians alone are competent to perform. Evaluation of permanent impairment defines the scope of medical responsibility and therefore represents the physician's role in the evaluation of permanent disability. . . .

"(4) *Evaluation (Rating) of Permanent Disability.*—In the last analysis, this is an administrative and not solely a medical responsibility and function. Evaluation of permanent disability is an appraisal of the patient's present and future ability to engage in gainful activity as it is affected by such diverse factors as age, sex, education, economic and social environment, in addition to

the definite medical factor—permanent impairment. . . ."
A.R.S. § 23–1044(D) sets forth the other diverse factors to be considered in this evaluation.

2. A.R.S. § 23–921(B) reads in part:
 The commission may make and declare all rules and regulations which are *reasonably* required in the performance of its duties, including *but not limited to* rules of practice and procedure in connection with hearing and review proceedings. . . . (Emphasis added).

3. A.R.S. § 23–1044:
 . . . . .
 G. The commission may adopt a schedule for rating loss of earning capacity and *reasonable* and proper rules to carry out the provisions of this section. (Emphasis added).

Guides cover the specific impairment and the percentage thereof. Beyond this, Rule 13(d) has no application." [4]

Chapter II of the AMA Guides entitled "The Peripheral Spinal Nerves" substantiates this position, wherein it is stated: "Subjective complaints of pain which cannot be substantiated along these lines are not considered within the scope of this guide." We read the plain import of this language to mean not that such a physical condition is not compensable, but simply that the guide does not cover this situation.

We hold that petitioner must be given the opportunity to be rated by other criteria.

Petitioner's second argument on appeal concerns the compensability of subjective pain under the Workmen's Compensation Law.

"It is argued that the Workmen's Compensation laws are not designed to pay for pain and suffering. This, of course, is true, in the sense that one who returns to work after an accident, and is able to work without pain, will not receive compensation for the pain he underwent while he was disabled. But that principle does not mean that a man is bound to his job under circumstances that his work becomes intolerable." *Midland-Ross Corp. v. Industrial Commission,* 107 Ariz. 311, 486 P.2d 793 (1971). *See also Langbell v. Industrial Commission,* 111 Ariz. 328, 529 P.2d 227 (1974) [risk of further re-injury].

■ In a case where subjective pain is determined to constitute a permanent impairment, compensation should be awarded according to the terms of A.R.S. § 23–1044.

The award of the Industrial Commission is set aside.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.

4. The percentage of impairment is relatively unimportant for unscheduled injuries since it is only one of several factors to be considered in arriving at a permanent disability. A.R.S. § 23–1044(D). The amount of compensation is determined by the claimant's reduction in earning capacity. A.R.S. § 23–1044(C). In the scheduled injury area the percentage of impairment is all-important since the legislature has translated the percentage into a fixed rate of permanent disability. A.R.S. § 23–1044(B).