IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

MONT POLANCO,                              )
                                           )        2 CA-IC 2006-0025
                 Petitioner Employee,      )        DEPARTMENT B
                                           )
        v.                                 )        O P I N I O N
                                           )
THE INDUSTRIAL COMMISSION OF               )
ARIZONA,                                   )
                                           )
                 Respondent,               )
                                           )
PIMA COUNTY,                               )
                                           )
        Respondent Employer and Insurer.   )
                                           )

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 20012780067

Insurer No. 20011041WW

Thomas A. Ireson, Administrative Law Judge

AWARD AFFIRMED

Les Gilbertson, JD, PC
  By Les Gilbertson                                                    Tucson
                                                   Attorney for Petitioner/Employee

The Industrial Commission of Arizona                                  Phoenix
  By Laura L. McGrory                                      Attorney for Respondent

Goering, Roberts, Rubin, Brogna, Enos
  & Treadwell-Rubin, P.C.                                              Tucson
  By Pamela Treadwell-Rubin and                         Attorneys for Respondent
  Elizabeth L. Warner                                      Employer and Insurer

B R A M M E R, Judge.

¶1		In this statutory special action, petitioner Mont Polanco contends the administrative law judge (ALJ) erred in denying his petition to reopen his workers' compensation claim. The ALJ determined Polanco had failed to demonstrate "objective physical findings of [a] change in [Polanco's] condition" as required by A.R.S. § 23-1061(H). Polanco argues § 23-1061(H) is unconstitutional as applied to his case. Finding no error, we affirm the award.

## Factual and Procedural Background

¶2		"On review of an Industrial Commission award, we must view the evidence in the light most favorable to sustaining the Industrial Commission's findings and award." *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110, 781 P.2d 586, 588 (1989). Polanco injured his back in September 2001, in the course and scope of his employment with Pima County, while lifting a rock out of a manhole. His subsequent workers' compensation claim was accepted for benefits, and he underwent diskectomy surgery. Polanco's claim was closed in February 2003, but he continued to receive treatment for his back injury, "including caudal epidural injections" that "markedly improved [his] pain and allowed him to work full-time." After an industrial motor vehicle accident in August 2004, the injections became less effective. In late 2005, his physician, Dr. Randall Prust, recommended Polanco have a spinal cord stimulator implanted to control his pain.

2

**¶3** Polanco filed a petition to reopen his claim in November 2005, which the insurer denied. At the subsequent hearing on that petition, Dr. Prust testified that scarring in Polanco's spine had worsened and was causing "more pain" and "reducing the efficacy of the caudal epidurals." Prust testified the reports prepared by a radiologist comparing Polanco's results from magnetic resonance imaging (MRI) examinations of his spine showed "some enhancing epidural tissue," or changes in scar tissue, near Polanco's spinal nerve roots. Prust admitted, however, that he had not personally reviewed the MRI films.

**¶4** Dr. Kurt Schroeder testified he had reviewed MRI films of Polanco's spine and those images contained no "objective evidence of a new, additional or previously undiscovered condition" or a "worsening between 2002 and 2006 of [Polanco's] scar tissue." Schroeder also stated his physical examination of Polanco did not indicate any "worsening of the scar tissue." He did not express an opinion whether Polanco was a good candidate for a spinal cord stimulator.

**¶5** After the hearing, the ALJ found there was "no material conflict" that the epidural injections were "not as effective anymore," but adopted Schroeder's opinion "that there were no objective changes shown on [the MRI films]." The ALJ denied Polanco's petition to reopen his claim but awarded him additional supportive medical maintenance benefits for "insertion of a spinal cord stimulator."[1] Polanco then filed a request for review

[1]Polanco asserts the grant of his petition to reopen would compensate him for "lost wages due to the intractable pain since filing the Petition to Reopen" and "any wages lost for that period of time in which the treatment requires he be off-work" instead of just the costs associated with insertion of the spinal cord stimulator covered by the supportive care award. Although Polanco asserts the ALJ "erred in providing [the spinal cord stimulator] under

3

of that decision, asserting, inter alia, that § 23-1061(H) is unconstitutional as applied to his case. The ALJ affirmed his award on review and this statutory special action followed.

**Discussion**

¶6        Section 23-1061(H) governs the reopening of workers' compensation claims and requires an employee to prove the existence of "a new, additional or previously undiscovered temporary or permanent condition" to reopen a claim. And the employee must show a causal relationship between the new condition and a prior industrial injury. *Stainless Steel Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19, 695 P.2d 261, 268 (1985). Section 23-1061(H) was modified in 1999 to preclude reopening a claim based on an employee's "increased subjective pain if the pain is not accompanied by a change in objective physical findings." 1999 Ariz. Sess. Laws, ch. 331, § 9. Polanco's sole argument in this statutory special action is that the objective physical findings requirement is unconstitutional as applied to his case.[2] "We deferentially review the ALJ's factual findings

---

supportive care" and insertion of the spinal cord stimulator is more properly characterized as "active care," we do not view this statement as an argument the supportive care award should be set aside, but instead simply as support for his contention that his medical needs have changed. Pima County does not argue that the supportive care award should be set aside.

[2]In his request for review filed below, Polanco argued that, even if the physical findings requirement of A.R.S. § 23-1061(H) was constitutional, insertion of the spinal cord stimulator was a "new treatment" and, thus, would be a proper basis for reopening his claim under *Stainless Steel* irrespective of whether he provided objective physical findings. In that case, which preceded the physical findings requirement amendment to § 23-1061(H), our supreme court held "a difference . . . in the medical procedures necessary to treat [an injury]" would support reopening a claim. 144 Ariz. at 19, 695 P.2d at 268. Although Polanco mentions this argument in passing in his opening brief, he cites no relevant supporting authority and does not develop it further. Accordingly, we conclude he has waived this issue

4

but independently review his legal conclusions." *Grammatico v. Indus. Comm'n*, 208 Ariz. 10, ¶ 6, 90 P.3d 211, 213 (App. 2004). "We analyze the constitutionality of a statute de novo, beginning with the strong presumption that the statute is constitutional." *Id.*

¶7            The constitutional basis for Arizona's workers' compensation law is found in article XVIII, § 8 of the Arizona Constitution and

> mandates that an employee receive workers' compensation if the employee is injured in "any accident arising out of and in the course of . . . employment," and the injury "is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer or its agents or employee or employees to exercise due care."

*Grammatico v. Indus. Comm'n*, 211 Ariz. 67, ¶ 1, 117 P.3d 786, 787 (2005), *quoting* Ariz. Const. art. XVIII, § 8 (alteration in *Grammatico*). For a worker to be compensated for an injury, he or she must prove "both legal and medical causation." *Id.* ¶ 19. Legal causation has three elements:

> First, the employee must have been acting in the course of employment. Second, the employee must have suffered a personal injury from an accident arising out of and in the course of such employment. Third, the resulting injury must have been caused in whole or in part, or contributed to, by a necessary risk of the employee's employment, or a necessary risk or danger inherent in the nature of that employment or the employer's lack of due care.

---

and do not address its merits. *See* Ariz. R. Civ. App. P. 13(a)(6), 17B A.R.S. (appellant's brief must contain argument with citations to authority); Ariz. R. P. Spec. Actions 10(k), 17B A.R.S. (Arizona Rules of Civil Appellate Procedure apply to special action review of industrial commission awards); *In re $26,980.00 U.S. Currency*, 199 Ariz. 291, ¶ 28, 18 P.3d 85, 93 (App. 2000) ("[Appellee's] bald assertion is offered without elaboration or citation to any . . . legal authority. We will not consider it.").

*Id.* "Medical causation, in contrast, is established by showing that the accident caused the injury." *Id.* ¶ 20; *see also DeSchaaf v. Indus. Comm'n*, 141 Ariz. 318, 320, 686 P.2d 1288, 1290 (App. 1984) ("Legal causation concerns whether the injury arose out of and in the course of the employment. On the other hand, medical causation ordinarily requires expert medical testimony to establish that the industrial accident caused the injury.") (citation omitted).

¶8         In *Grammatico*, our supreme court stated article XVIII, § 8 "addresses legal causation" and determined "the legislature may not define legal causation in a way that conflicts with [that section] because the legislature 'cannot enact laws which will supersede constitutional provisions adopted by the people.'" 211 Ariz. 67, ¶¶ 19, 21, 117 P.3d at 790, 791, *quoting Kilpatrick v. Superior Court*, 105 Ariz. 413, 416, 466 P.2d 18, 21 (1970). But the court also stated, "Article 18, Section 8 does not limit the legislature's power to enact legislation affecting medical causation," *id.* ¶ 20; therefore, "the legislature has some latitude to establish the requisite medical causation for workers' compensation recovery." *Id.* ¶ 21.

¶9         Polanco reasons "§ 23-1061(H) effectively abrogates otherwise compensable claims for a class of injuries," specifically, "subjective injury," regardless of whether the employee can show causation. Thus, he argues the "objective physical findings" requirement impermissibly limits legal causation because "the Arizona Constitution requires compensation for all injured workers—not just those who can provide objective evidence of subjective complaints—or are lucky enough to be filing their claim for the first time and not just attempting to reopen."

6

¶10        Central to Polanco's argument is his assertion that subjective pain, standing alone, is a compensable injury under article XVIII, § 8. As we understand his argument, he reasons that, if subjective pain is a compensable injury, then requiring objective evidence of that injury limits an employee's ability to show legal causation because the employee would have to "show the un-showable—objective evidence of subjective injury." Relying primarily on *Simpson v. Industrial Commission*, 189 Ariz. 340, 942 P.2d 1172 (App. 1997), he asserts that case stands for the proposition that "disabling pain resulting from an industrial injury constitutes a compensable injury." The employee in *Simpson* had suffered a back and neck injury. *Id.* at 342, 942 P.2d at 1174. The ALJ denied benefits, finding the employee had not shown his inability to return to work was related to his injury and, in the alternative, determining his injury was not compensable because residual pain did not "constitute a ratable permanent impairment under the . . . [American Medical Assocation] Guides [*to the Evaluation of Permanent Impairment*]." *Id.* Division One of this court held the employee had shown his medical condition was attributable to his industrial accident, *id.* at 343-44, 942 P.2d at 1175-76, and the American Medical Association Guides were not the exclusive means by which the employee could demonstrate impairment from an injury caused by that accident. *Id.* at 346, 942 P.2d at 1176. Nothing in *Simpson* suggests the employee had not provided objective physical evidence of his injury. *See id.* at 343, 942 P.2d at 1175. Thus, *Simpson* does not hold that pain, standing alone, is a compensable injury; it holds only that

subjective pain is relevant to determining the degree of impairment resulting from an injury.[3]

Impairment is not synonymous with injury; impairment results from injury. *Cf. Moreno v. Indus. Comm'n*, 122 Ariz. 298, 299, 594 P.2d 552, 553 (App. 1979) ("[The employee] failed in his burden of proof that any functional impairment resulted from the industrial injury.").

¶11 Arizona's constitution and workers' compensation statutes do not define the term "injury." Our supreme court, however, has long held an accidental injury occurs "when usual exertion leads to something actually breaking or letting go with an obvious sudden *organic or structural change in the body*." *Phelps Dodge Corp. v. Cabarga*, 79 Ariz. 148, 153, 285 P.2d 605, 608 (1955) (emphasis added); *see also Caganich v. Indus. Comm'n*, 108 Ariz. 580, 581, 503 P.2d 801, 802 (1972); *Paulley v. Indus. Comm'n*, 91 Ariz. 266, 272, 371 P.2d 888, 892 (1962); *Sun Control Tile Co. v. Indus. Comm'n*, 117 Ariz. 268, 270, 571 P.2d 1064, 1066 (App. 1977).[4] Although these cases defined "accidental injury," the courts focused their analysis on whether the employee had suffered an accident under that

---

[3]In *Cassey v. Industrial Commission*, 152 Ariz. 280, 283, 731 P.2d 645, 648 (App. 1987), on which the employee in *Simpson v. Industrial Commission*, 189 Ariz. 340, 344, 942 P.2d 1172, 1176 (App. 1997), relied, Division One of this court stated an employee "must establish the disabling effect of the industrial injury in order to establish a permanent impairment. This is true when residual pain is the permanent injury because pain is compensable as an impairment only when it is disabling." Although the court in *Cassey* described "residual pain" as an "injury," it did not define the term "injury" nor address whether such pain is an injury for the purpose of article XVIII, § 8, but instead considered whether disabling pain was relevant in determining the employee's degree of impairment. 152 Ariz. at 281, 283, 731 P.2d at 646, 648 (employee had chronic "thoracolumbar sprain").

[4]Arizona law also permits an employee to receive compensation for gradual injuries. *See Reilly v. Indus. Comm'n*, 1 Ariz. App. 12, 15, 398 P.2d 920, 923 (1965); *see also Ford v. Indus. Comm'n*, 145 Ariz. 509, 516-17, 703 P.2d 453, 460-61 (1985) (citing *Reilly*).

8

definition. The definition of "accidental injury," however, necessarily encompasses the definition of "injury." Moreover, Arizona's definition is consistent with those found in treatises and adopted in other jurisdictions. *See Black's Law Dictionary* 801 (8th ed. 2004) ("*bodily injury*" is "[p]hysical damage to a person's body");[5] 3 Arthur Larson & Lex. K. Larson, *Larson's Workers' Compensation Law* ch. 55, at 55-1 (2006) ("[p]ersonal injury" is a "harmful change in the body"); *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 680 (Tenn. 2005) ("An 'injury' includes a change in any part of a person's system that produces harm or pain or lessens the natural use or capability of the body."); *Lane Co. v. Saunders*, 326 S.E.2d 702, 703 (Va. 1985) (injury is "'an obvious sudden mechanical or structural change in the body'"), *quoting Va. Elec. & Power Co. v. Cogbill*, 288 S.E.2d 485, 486 (Va. 1982). Indeed, the Oklahoma Supreme Court has specifically excluded pain from the definition of injury. *Fenwick v. Okla. State Penitentiary*, 792 P.2d 60, 62 (Okla. 1990) ("This Court has consistently held that physical injury must be present for a disability to be compensable. Just as physical symptoms such as pain, tingling of the limbs, and nausea do not constitute accidental injury, neither does mental stress.") (footnotes omitted).

¶12        Subjective pain does not fall under Arizona's definition of an injury. Therefore, because subjective pain is not an injury within the meaning of article XVIII, § 8 of the Arizona Constitution, § 23-1061(H) does not unconstitutionally eliminate it as a type

---

[5]Polanco cites the Sixth Edition of *Black's Law Dictionary* 786 (1990) (emphasis deleted), which includes "[p]hysical pain" in its definition of "bodily injury." That phrase, however, was removed from the definition of "bodily injury" in the subsequent edition. *See Black's Law Dictionary* 789 (7th ed. 1999) (emphasis deleted).

of compensable injury. And the objective physical findings requirement of § 23-1061(H) does not address either legal or medical causation. That requirement instead makes clear that subjective pain alone cannot support a petition to reopen a claim. Rather, subjective pain must be directly related to the degree of impairment resulting from an objective physical change. *See Simpson*, 189 Ariz. at 346, 942 P.2d at 1178.

**¶13**        We affirm the award.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge

10