NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARYLOU MCGEE, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

IHOP, *Respondent Employer,*

NORTHERN INSURANCE CO. OF NY, *Respondent Carrier.*

No. 1 CA-IC 15-0022
FILED 4-14-2016

Special Action - Industrial Commission
ICA Claim No.  20132-610681
Carrier Claim No. 2010234688
The Honorable Robert F. Retzer, Administrative Law Judge

**AFFIRMED**

COUNSEL

Marylou McGee, Flagstaff
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Lester Norton & Brozina PC, Phoenix
By Christopher S. Norton, Steven C. Lester, Rachel Parise Brozina
*Counsel for Respondent Employer and Carrier*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

**J O N E S**, Judge:

¶1　　　Marylou McGee seeks special action review of an Industrial Commission of Arizona (the Commission) decision upon review, in which the administrative law judge (ALJ) awarded McGee workers' compensation benefits for a claimed injury to her left wrist, but found her claims for injuries to her right wrist, neck, and lumbar area non-compensable. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2　　　McGee began waitressing at an IHOP restaurant in 2011. In February 2013, she began experiencing shooting pain in her left wrist and purchased a wrist brace for support. In September 2013, while she was carrying a tray full of drinks in one hand and three coffee pots in the other, a small child ran toward her. McGee twisted her body sharply to avoid the child and dropped the drinks and the coffee pots. She returned to the kitchen to retrieve new drinks and coffee pots but found she could no longer pick anything up with her left hand. She told her supervisor about the accident and went to the emergency room, complaining of pain in her left wrist.

¶3　　　Hospital staff performed blood work and took x-rays of McGee's wrist. McGee was told she might have sprained her wrist and that she should tend to it with ice and see her primary care physician in three days. McGee followed these instructions, and her primary care physician referred her to a hand specialist, Dr. Robert Lock. In October 2013, McGee met with Dr. Lock, who recommended a nerve conduction test. After reviewing the results and the x-rays, Dr. Lock diagnosed McGee with carpal

---

[1]　　　We view the evidence in the light most favorable to affirming the Commission's findings and awards. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (citing *Roberts v. Indus. Comm'n*, 162 Ariz. 108, 110 (1989)).

tunnel syndrome.  Dr. Lock performed carpal tunnel surgery on McGee's left wrist later that month.

¶4            Soon after the surgery, McGee began experiencing intense pain in her right wrist, which was also diagnosed as carpal tunnel syndrome.  Dr. Lock performed carpal tunnel surgery on her right wrist in December 2013.

¶5            After the second surgery, McGee noticed strong pains shooting up her arm, moving into her shoulder and back, and causing muscle spasms.  Believing the pains were caused by the September 2013 accident, McGee returned to her primary care physician, who recommended she see a spine specialist.  Dr. John Hall first examined McGee in April 2014.  He found she had decreased sensation in her cervical vertebrae.  He later determined from x-rays and an MRI that McGee had multiple herniated discs and other degenerative conditions contributing to her symptoms.

¶6            Meanwhile, McGee submitted a claim for workers' compensation benefits, seeking reimbursement for her medical expenses incurred as a result of the September 2013 accident.  Northern Insurance Company of New York issued notices denying McGee's claim in January and February 2014.  McGee requested a hearing in protest of the denial.

¶7            At the hearing, Dr. Hall testified he was confident the workplace accident either caused or exacerbated McGee's herniated discs but was not convinced the other degenerative spinal conditions were caused by the accident.  He also testified, "the temporal relationship becomes very weak," noting McGee reported she had been experiencing the symptoms for over a year, long before the accident.

¶8            Dr. Lock testified McGee had indeed been diagnosed, post-accident, with moderate carpal tunnel syndrome.  Her x-rays showed she was predisposed to wrist problems that were not the result of any trauma, and he testified the workplace accident "had zero to do with her carpal tunnel syndrome."  He further testified the "notion of work activity as a primary cause of carpal tunnel syndrome has largely been debunked. We see carpal tunnel syndrome in just as many people who don't do repetitive-type jobs as patients who do repetitive-type jobs."

¶9        Dr. Terry McLean testified he performed an independent medical evaluation of McGee in May 2014, which included a review of her medical records. He testified McGee reported she began experiencing lower back pain only two weeks prior to the examination. Dr. McLean also testified his examination of McGee's x-rays confirmed problems within her lumbar area but that the workplace accident did not cause any injury to McGee. Dr. McLean thus concluded McGee's neck and back pain was unrelated to either the workplace accident specifically, or McGee's employment generally. Dr. Peter Campbell also performed an independent medical examination and concluded McGee's symptoms, including pain and weakness in her limbs and spine, blurry vision, dry mouth, and headaches, were "clearly unrelated to her previous work duties or the reported work injury."

¶10        In January 2015, the ALJ issued a decision finding McGee suffered an industrial injury to her left wrist during the workplace accident. McGee was awarded medical, surgical, and hospital benefits related to her left wrist injury, from September 6, 2013 "until such time as her condition becomes medically stationary, as provided by law." The ALJ also found the injuries to McGee's right wrist, neck, and lumbar area were non-compensable because they did not result from the accident.

¶11        McGee timely filed a request for review of the ALJ's decision, which was affirmed upon review. McGee timely petitioned this Court for special action relief. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2)[2] and 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶12        When reviewing a workers' compensation award, we defer to the factual determinations of the ALJ. *Tabler v. Indus. Comm'n*, 202 Ariz. 518, 522, ¶ 14 (App. 2002) (citing *Vance Int'l v. Indus. Comm'n*, 191 Ariz. 98, 100, ¶ 6 (App. 1998)). We will accept the ALJ's resolution of a conflict in the evidence if it is reasonably supported by the record. *Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 121 (1989) (citing *Micucci v. Indus. Comm'n*, 108 Ariz. 194, 195 (1972)).

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

**¶13**        McGee argues the ALJ erred in finding her right wrist injury did not result from the workplace accident because she experienced pain in both wrists as a result of the accident.  In support of this contention, McGee cites a medical record showing she complained of pain in both wrists when she saw her primary care physician ten days after the accident and before seeing Dr. Lock.  However, McGee's testimony and the medical records from her emergency room visit indicate she only complained of pain in her left wrist directly after the accident.  McGee's belief that the pain in her right wrist was caused by the workplace accident is also inconsistent with Dr. Lock's testimony that McGee's carpal tunnel syndrome — the source of McGee's wrist pain — was *not* caused by the accident.  Although the evidence is conflicting, the record reasonably supports the ALJ's conclusion that the injury to McGee's right wrist was not work-related and thus not compensable.  We find no error.

**¶14**        McGee also argues the ALJ erred in finding her neck and lumbar injuries did not result from the workplace accident because she was experiencing shooting pains from her arms into her back just after the accident.  But, McGee fails to cite any support in the record for this contention, and we find none.  To the contrary, the record reflects that none of McGee's treating physicians were able to testify to any degree of medical probability that her neck and lumbar problems were related to her accident.  McGee's own testimony indicates she did not experience this pain until after the carpal tunnel surgeries.  Furthermore, Drs. Hall, McLean, and Campbell all concluded McGee's neck and lumbar problems were *not* caused by the workplace accident, and their reports indicate McGee gave inconsistent answers when asked how long she had been experiencing this pain.  *See supra* ¶¶ 7, 9.  The record reasonably supports the ALJ's finding that McGee's neck and lumbar injuries were not related to the workplace accident, and we again find no error.[3]

---

[3]        McGee also argues that IHOP forged her signature on documents located within her employee record and claims these documents were written in such a way to "hide the fact that this was a Workman's Compensation injury."  Because McGee was not denied the opportunity to make a workers' compensation claim and the records to which she objects had no bearing on the ALJ's decision regarding whether McGee's injuries were compensable, we need not address this argument.

**CONCLUSION**

¶15 The ALJ's decision finding McGee's right wrist, neck, and lumbar injuries were not related to the workplace accident and non-compensable is affirmed.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama