NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALVIN S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY,[1] S.M., *Appellees.*

No. 1 CA-JV 15-0304
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
No. JD511101
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety (DCS) is substituted for the Arizona Department of Economic Security (ADES) in this matter. *See* ARCAP 27. For consistency, we refer to DCS in this decision even where, at the time, actions were taken by ADES.

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris, joined.

**T H O M P S O N**, Judge:

¶1 Alvin S. (father) appeals from the juvenile court's order terminating his parental rights as to S.M. (daughter). For the following reasons, we affirm.

### FACTS[2] AND PROCEDURAL HISTORY

¶2 Alyssa M. (mother) and father are the biological parents of daughter, born in February 2011.[3] In June 2013, DCS took daughter into temporary custody after mother's one month old son (P.M.) was admitted to the hospital in respiratory distress.[4] Hospital staff reported that father and mother were distant and unresponsive to the needs of daughter and P.M., and they did not have money or insurance to provide for P.M.'s medical care. DCS also reported that after P.M.'s release from the hospital, mother and father failed to follow through with P.M.'s necessary medical services.

¶3 DCS filed a dependency petition alleging that father and mother neglected daughter by failing to provide stable housing and appropriate parental care and supervision; they neglected to provide

---

[2] We review the evidence and draw all reasonable inferences in the light most favorable to upholding the juvenile court's factual findings. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13, 53 P.3d 203, 207 (App. 2002).

[3] Mother's parental rights to daughter was terminated on August 31, 2015, and are not subject to this appeal.

[4] A doctor diagnosed P.M. with failure to thrive, multiple congenital anomalies, "CHARGE syndrome," and numerous other significant medical conditions. Father is not the biological parent of P.M., and P.M. is not a party to this appeal.

appropriate medical care,[5] and father failed to protect daughter from mother's neglect and substance abuse. The juvenile court found daughter dependent as to both parents and placed her into foster care. DCS established a case plan for father of reunification and offered him the following services: parent aide, supervised visitation, rule-out substance abuse testing, psychological evaluation, transportation, bonding assessment, parenting classes, and individual and couples counseling.

¶4        In January 2014, father completed his initial assessment at Ameripsych and began participating in the parent aide service. Six months later, parent aide closed out unsuccessfully after father failed to actively participate and was unable to retain the information provided to him. DCS continued to offer visitation only, which consisted of two visits per week for two hours. Father attended nearly all of the visits and demonstrated a bond with the daughter. However, father inconsistently participated in couples counseling, and failed to complete parenting classes. Although DCS provided notification to father of daughter's medical, dental, and speech therapy appointments and offered to arrange transportation, father failed to attend numerous appointments.

¶5        Dr. Richard Rosengard, a licensed psychiatrist, preformed an evaluation of father in March 2015. Dr. Rosengard diagnosed father with traits of posttraumatic stress disorder and antisocial personality disorder, which involved a "lack of caring for those he is responsible for in terms of assisting in caring for his children." Dr. Rosengard expressed concern that father's disorder placed daughter at risk of neglect in caring for her medical, emotional, financial and residential needs. Dr. Rosengard opined that father would be unlikely to adequately parent daughter in the foreseeable future, noting that father "does not appear to recognize the difficulties that he has had in caring for [daughter]."

¶6        DCS filed a motion for termination of father's parental rights on the grounds of fifteen months' time in care. *See* Ariz. Rev. Stat. (A.R.S.) § 8–533(B)(8)(c) (Supp. 2015). DCS also argued that termination would be in daughter's best interests. *See* A.R.S. § 8–533(B). After a contested severance hearing, the juvenile court found that DCS had established the ground for severance, and that termination was in the best interest of daughter. Accordingly, the juvenile court terminated father's parental rights to child.

---

5        Daughter was also diagnosed with developmental delays, including cognitive delays, gross motor delay, and speech delay.

**¶7**        Father timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2014), and 12-2101(A)(1) (Supp. 2015).

## DISCUSSION

**¶8**        The juvenile court may terminate the parent-child relationship only upon finding that clear and convincing evidence demonstrates at least one statutory ground for severance; the court must also determine that severance is in the child's best interests.  A.R.S. § 8–533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005).  On appeal, "we will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a [termination] order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002).

**¶9**        Pursuant to A.R.S. § 8-533(B)(8)(c), the juvenile court can properly sever a parent's rights if (1) the child has been in out-of-home placement for fifteen months or longer; (2) the parent has been unable to remedy the circumstances causing the child to be in out-of-home placement; and (3) a substantial likelihood existed that the parent would not be able to properly care for the child in the near future.  We consider "those circumstances existing at the time of the severance that prevent a parent from being able to appropriately provide for his or her children." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22, 152 P.3d 1209, 1213 (App. 2007) (internal quotes and citation omitted).  To avoid severance, the parent must make more than trivial or de minimus efforts at remediation.  *Maricopa County Juv. Action No. JS-501568*, 177 Ariz. 571, 576 n.1, 869 P.2d 1224, 1229 n.1 (App. 1994).

**¶10**        Father does not challenge the juvenile court's finding that daughter has been in out-of-home placement for longer than fifteen months.  Rather, father argues that the juvenile court improperly found that he was unable to remedy the circumstances causing daughter's out-of-home placement and that he will not be able to properly care for her in the near future.  Father also asserts that his failure to attend all of daughter's medical, dental, and speech therapy appointments did not warrant termination of his parental rights.  We disagree.

**¶11**        Reasonable evidence supported the juvenile court's finding that DCS had proven the fifteen months' time in care ground.  Throughout the dependency, father inconsistently participated in services: he failed to complete parent aide services; he missed numerous counseling sessions; and he did not complete parenting classes.  At the severance hearing, father

admitted that he was unable to identify daughter's medical conditions and the services she received, and he did not have a current stable residence. The DCS caseworker testified that father missed several dental appointments for daughter, and his failure to confirm supervised visitation times precluded daughter from receiving speech therapy by Easter Seals. The caseworker further testified that daughter would continue to have ongoing medical needs and services, yet father had not made the necessary behavioral changes required.

¶12 Additionally, Dr. Rosengard testified that father was unable to adequately parent daughter because of "a lack of willingness or ability to take care of ones own personal responsibilities and take care of responsibilities that one would have in terms of caring for others, that one would ordinarily be responsible for somebody under their charge, such as a child." Dr. Rosengard opined that father was unlikely to be able to provide for daughter's medical, emotional, financial, and residential needs, and father's inability to parent daughter would likely continue in the near future.

¶13 The juvenile court found that father has "been unable to remedy the circumstances that led to the minor child, [daughter] being placed in out-of-home placement," and "further efforts by DCS to provide services geared toward reunification would be futile."[6] Although father presented evidence that he made some effort to remedy the circumstances through counseling and that he was often loving and attentive during the supervised visitations, the juvenile court had to resolve any conflicts in the evidence, and we decline to re-weigh the evidence. *See Jesus M.*, 203 Ariz. at 282, ¶ 12, 53 P.3d at 207. Sufficient evidence supported the juvenile court's finding that father would not be able to effectively parent daughter in the near future. Consequently, the juvenile court did not err in finding

---

[6] We reject father's assertion that the only way to definitively determine whether additional reunifications services would be futile was to continue to provide father services and allow him to care for daughter under DCS's supervision. DCS is not required to provide a parent with every conceivable service; the record supports the juvenile court's finding that "DCS has made diligent efforts to provide services to Father toward family reunification throughout the duration of this case." *See Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶¶ 34, 37, 971 P.2d 1046, 1053 (App. 1999).

that the statutory ground for termination had been met by clear and convincing evidence.[7]

## CONCLUSION

**¶14** Based upon the foregoing, we affirm the juvenile court's termination order.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[7] Father also contends that the juvenile court erred in making best interest findings. However, father did not list this argument in the "Issues on Appeal"; he cites no legal authority for how or why the juvenile court erred; and he fails to cite to the parts of the record relied on. *See* ARCAP 13(a)(6), (7) (brief shall contain arguments "with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *Polanco v. Indus. Comm'n,* 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (holding that an issue was waived on appeal because the party mentioned it in passing, cited no supporting legal authority, and failed to develop it further). Accordingly, father waived this argument on appeal. Furthermore, even if we assume that father made a proper challenge to the juvenile court's best interest finding, we find no error.