NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PATRICE EDMOND BROWN, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0184
FILED 6-22-2023

Appeal from the Superior Court in Maricopa County
No. CV2019-095650
The Honorable Stephen M. Hopkins, Judge (Retired)

**AFFIRMED**

COUNSEL

Patrice Edmond Brown, Florence
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Maxine S. Mak, Joseph Branco, Rosa Aguilar
*Counsel for Defendant/Appellee The County of Maricopa*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

**¶1**   Patrice Edmond Brown appeals the superior court's orders granting the motion for judgment on the pleadings filed by the County of Maricopa ("the County"), entering judgment against him, and dismissing the case with prejudice. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**   In February 2000, a jury found Brown guilty of six counts of dangerous crimes against children; he is currently serving consecutive sentences aggregating to 77 years in the Arizona Department of Corrections.[1] In September 2019, Brown filed a complaint against the State of Arizona, the County, and the Arizona Department of Corrections' Former Director Ryan alleging fraud, unlawful imprisonment, and false imprisonment, arguing the superior court lacked jurisdiction over his criminal proceedings because he "was charged with, and indicted for, violating an invalid statute," Arizona Revised Statutes ("A.R.S.") section 13-604.01.[2] The County moved for judgment on the pleadings arguing Brown failed to state a claim against it, and the court granted the motion.

**¶3**   Brown then moved under Arizona Rule of Civil Procedure ("Rule") 15 to amend the complaint, and the County moved for entry of judgment, incorrectly stating Brown had not filed a Rule 15 motion. The court granted the County's motion and entered judgment against Brown without ruling on Brown's Rule 15 motion. Brown appealed and moved to set aside the judgment. This court then revested jurisdiction in the superior court to resolve Brown's Rule 15 motion.

**¶4**   In June 2022, the superior court granted Brown's motion to set aside the judgment and granted the parties leave to submit supplemental briefing on Brown's Rule 15 motion to amend the complaint. In July 2022, the court denied Brown's Rule 15 motion finding "amendment of the Complaint . . . would be futile." The court then dismissed the case with

---

[1]  This court previously affirmed Brown's convictions and sentences. *See State v. Brown*, 1 CA-CR 01-0152, 9 (Ariz. App. Mar. 19, 2002) (mem. decision).

[2]  After Brown's conviction and sentencing, the legislature renumbered the provision as A.R.S. § 13-705. *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 17, 29, 120.

prejudice and entered judgment against Brown.   We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**        Brown argues the superior court's July 2022 order denying his Rule 15 motion to amend the complaint is "moot" because the court, in June 2022, had previously granted his Rule 15 motion.  This court generally will "not give opinions on moot questions," but here, the court did not rule twice on Brown's Rule 15 motion as he alleges.  *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985).  In June 2022, the superior court granted Brown's motion to set aside the judgment "in order to determine [the] Rule 15 motion to amend on the merits" and granted the parties leave to "submit a supplemental written submission on the issue of amendment of the Complaint."  After reviewing Brown's motion and the County's supplemental briefing, the court issued its July 2022 order denying Brown's Rule 15 motion and finding "amendment of the Complaint . . . would be futile."  The court did not grant Brown's Rule 15 motion in June 2022, and that order therefore did not render the July 2022 order moot.

**¶6**        Brown alleges that opposing counsel committed acts that violate the Arizona Rules of Professional Conduct and suggests some other attorney may have been duty-bound to report those acts, but he fails to identify any specific rule that was purportedly violated, does not make specific citations to the record, does not identify any other attorney aware of the purported misconduct, nor explain why any such violation would give rise to a claim for relief.  *See* ARCAP 13(a)(7); *see also Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007).  Because Brown makes no other substantive arguments on appeal, we therefore affirm the superior court's orders granting the County's motion for judgment on the pleadings, entering judgment against Brown, and dismissing the case with prejudice. *See* ARCAP 13(a)(7).

## CONCLUSION

**¶7**        We affirm.

