NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant,*

*v.*

SHELBY DORTON, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0447
FILED 01-07-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-093823
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

John Danko III, Mesa
*Plaintiff/Appellant*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Kevin C. Nicholas, Margaret T. McCarthy, Joshua D. Kalanick
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S,** Judge:

¶1 John Danko, III appeals the superior court's dismissal of his complaint against four defendants for lack of personal jurisdiction and service. For the following reasons, we affirm.

¶2 This is not Danko's first lawsuit—both this Court and the Maricopa County Superior Court have designated him a vexatious litigant. Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10; Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023-0135. We recently chronicled Danko's pattern that led to those designations, *see Danko v. Reash*, 1 CA-CV 24-0301, 2024 WL 4705801 (Ariz. App. Nov. 7, 2024) (mem. decision), and he continues that pattern here.

**FACTS AND PROCEDURAL BACKGROUND**

¶3 Danko initiated this case by suing ten defendants who lived in Arizona and South Carolina. The defendants in this appeal interacted with Danko as behavioral health and social service workers years ago in South Carolina. Danko insisted an individual defendant, without specifying which one, "resides in" and "does business in Maricopa County," and the events described in the complaint "occurred in Maricopa County." Danko alleged defendants, again unspecified, attempted to "murder [him] by standing on his neck" and by "thirsting [him] to death" without providing any detail about the time or place of these actions. He also alleged the defendants committed "intentional torts," "dignitary torts," and "liability" among many other assertions. For example, the defendants "violate[d] nuisance laws against [Danko]" and "harass[ed], abuse[d], and degrad[ed]" him. And Danko claimed his damages amounted to $3.5 million.

¶4 Four of the defendants ("Defendants") each moved to dismiss for lack of personal jurisdiction and improper service, arguing they only interacted with Danko in South Carolina and that Danko improperly served

them. In response, Danko asserted the Defendants "own real property in Arizona" and "do business in Arizona." But Danko provided no support for those assertions, even after the court gave him the opportunity to amend his complaint.

¶5        The court concluded it lacked personal jurisdiction over Defendants because Danko failed to provide evidence of their contacts with Arizona. The court dismissed Danko's complaint as to Defendants. Danko then appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        Danko argues the court erred in dismissing his complaint because Arizona has personal jurisdiction over the defendants. His brief contains additional arguments and details that are irrelevant to this appeal.

## I.    Compliance with Rules

¶7        A party appealing from a civil judgment must comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. An appellant's opening brief must include a "table of citations" listing the sources the brief cites and the page number each citation appears on. ARCAP 13(a)(2). Briefs must contain a "statement of facts . . . relevant to the issues presented for review" with references to the record. ARCAP 13(a)(5). The Rule also requires that appellants' briefs include an "argument" section discussing each contention on appeal with supporting reasons for each contention, citations to legal authorities, and appropriate references to the record. ARCAP 13(a)(7)(A).

¶8        An appellant who fails to make "a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (cleaned up). Although we prefer to decide cases on the merits instead of dismissing on procedural grounds, "there is a limit to which judicial leniency can be stretched." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). We offer self-represented litigants no "special leniency" and hold them to the "same standards as attorneys." *Ramos*, 252 Ariz. at 522, ¶ 8.

¶9        Danko does not comply with these rules. His opening brief does contain a section titled "Table of Citations," but otherwise violates ARCAP 13(a)(2). The table of citations lists many statutes, constitutional amendments, procedural rules, and cases. But the table makes no attempt to alphabetize the cases and provides nothing besides the case name—no

reporter, no volume or page number, and no indication where the brief cites each case. The latter omission is perhaps understandable: nowhere does the brief even cite or discuss the cases listed in the table of citations. The statutes the brief does cite do not deal with the relevant topics of personal jurisdiction or service of process. By failing to provide proper citations, Danko failed to make a bona fide effort to comply with ARCAP 13. Danko waived his arguments, *see id.*, and we affirm the superior court's judgment.

**¶10**         We would affirm even if we reviewed Danko's personal jurisdiction arguments on the merits. "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must offer facts establishing a *prima facie* showing of jurisdiction." *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417, ¶ 10 (App. 2013). Here, Danko's briefs provide no support for his statement that he properly served Defendants or that Arizona had jurisdiction over them. Danko mentions jurisdiction in his opening brief "but cites no relevant supporting authority and does not develop it further." *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007). He thus waived the issue. *See id.*

## II.    Attorney Fees

**¶11**         We "may impose sanctions on . . . a party if [we] determine[] that an appeal or a motion is frivolous." ARCAP 25. One such sanction is "imposing costs or attorney[] fees." *Id.*

**¶12**         Defendants also request attorney fees and costs pursuant to A.R.S. § 12-349, which allows us to award attorney fees if a party appeals "without substantial justification." A.R.S. § 12-349(A)(1). This occurs when "the claim . . . is groundless and is not made in good faith," A.R.S. § 12-349(F), and is determined objectively, *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014). A groundless claim is not made in good faith when "the party . . . knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Ariz. Republican Party v. Richer*, 257 Ariz. 210, 221, ¶ 38 (2024).

**¶13**         Danko has made yet another frivolous and groundless appeal. He fails to comply with ARCAP 13, makes unsupported arguments about personal jurisdiction, remarks on issues not before the court, and lodges unnecessary and inflammatory attacks on non-parties. Danko has made these same errors numerous times before this Court, and we have reminded him of these insufficiencies on each appeal. *See Reash*, 1 CA-CV 24-0301, at *3, ¶¶ 15–19 (collecting cases).

**¶14** We have repeatedly sanctioned Danko for similar shortcomings and do so again to "discourage similar conduct in the future." ARCAP 25. Pursuant to ARCAP 25 and A.R.S. § 12-349, we award Defendants their reasonable attorney fees and costs on appeal upon compliance with ARCAP 21.

**¶15** Danko filed a Motion to Process Application for Waiver of Court Fees, requesting that we waive his fees for this appeal. We deferred Danko's filing fees due to his inability to pay and his motion is still pending before us. Because he has paid his filing fees, we deny his motion as moot.

## CONCLUSION

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM