553 P.2d 1248

James L. E. JANIS, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

**J. W. J. Contracting Company,** Respondent Employer,

Home Insurance Company, Respondent Carrier.

No. 1 CA–IC 1443.

Court of Appeals of Arizona, Division 1, Department C.

July 1, 1976.

Rehearing Denied July 27, 1976.

Petition for Review Sept. 14, 1976.

Rabinovitz, Minker & Dix, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Ariz.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

HAIRE, Chief Judge, Division 1.

On this review of an award entered by the respondent Commission in a workmen's compensation proceeding, the sole issue presented is whether the hearing officer correctly found that petitioner's condition was stationary. Petitioner contends that such a finding was unsupported by the evidence, and that he had a continuing need for active medical treatment for the increasing pain which he was suffering. Hence, petitioner urges, his condition was not stationary. We find that there was reasonable evidence to support the hearing officer's finding.

Petitioner sustained an injury to his low back on October 28, 1971. His claim for benefits was accepted by the respondent carrier. Thereafter, petitioner was treated by a number of specialists and underwent surgery six times for his back condition. One year after the injury, at petitioner's request, he was placed under the care of Lloyd Anderson, M.D., who thereafter treated petitioner for a year and one-half. On March 22, 1974, Dr. Anderson found petitioner's condition to be stationary with a 35% unscheduled permanent partial disability. Following Dr. Anderson's dis-

charge of petitioner, and the carrier's termination of his medical benefits, petitioner sought medical attention from Charles William Needham, M.D., a neurosurgeon. Dr. Needham examined petitioner on a number of occasions thereafter, the last time prior to hearing in this matter, being on March 5, 1975. Dr. Needham prescribed physical therapy, non-narcotic analgesic drugs and suggested the possibility of a different type of surgery to aid petitioner. Petitioner contends in this action that whereas Dr. Anderson found his condition to have become stationary as of March 22, 1974, Dr. Needham found thereafter, that his condition was not stationary. Petitioner contends that Dr. Needham's opinion must be accepted over that of Dr. Anderson inasmuch as Dr. Needham saw petitioner at a later point in time than did Dr. Anderson. Petitioner also suggests that Dr. Anderson, had he known in March 1974, what petitioner's condition was to become by August 1974, would not have expressed the opinion that the condition was stationary.

■ While it is the condition of a claimant at the time of the hearing which determines whether his condition is stationary, *Garcia v. Industrial Commission,* 26 Ariz.App. 313, 548 P.2d 26 (1976); *Russell v. Industrial Commission of Arizona,* 104 Ariz. 548, 456 P.2d 918 (1969), the chronology of the medical examinations is not wholly determinative of which physician's testimony must be accepted. Otherwise the result would be a game between the parties to have the physicians favorable to their position make the last examination prior to hearing. Such an approach would of course be absurd. The chronology may, however, be important as, for example, in fact situations such as are presented in *Olivas v. Industrial Commission of Arizona,* 16 Ariz.App. 543, 494 P.2d 743 (1972), and *Garcia v. Industrial Commission, supra.* In *Olivas* the Court stated:

"We are unable to see the justice of the situation when a first hearing is had wherein medical evidence under oath is introduced and is unimpeached that petitioner is still suffering from ill effects of the industrial injury and that her condition is not stationary, and a ruling is made by the hearing officer which relies on a consultation report made six months previously in order to find a conflict of evidence from which to conclude that petitioner's condition is stationary and that she is without any permanent impairment." 16 Ariz.App. at 546, 494 P.2d at 746.

The situation in *Olivas,* while distinguishable in some respects, does parallel to some degree the present situation in that it was an earlier report, rather than testimony presented at the hearing and based upon a later examination, upon which the hearing officer based his finding that the claimant's condition was stationary. While not so stated in the hearing officer's decision we would presume that one of the reasons he may have chosen to rely upon the report of Dr. Anderson contained in the Commission's file over the live and uncontradicted testimony of Dr. Needham presented at hearing, was that Dr. Anderson was petitioner's treating physician and had been for over a year and a half, whereas Dr. Needham only saw petitioner for the first time after Dr. Anderson had found his condition to have reached a stationary point.

It is also apparent from the findings that the hearing officer considered Dr. Needham's medical findings, as opposed to the doctor's legal conclusions, to be entirely consistent with the conclusion that petitioner's condition was stationary as that term has evolved in Arizona's workmen's compensation law.

In evaluating the hearing officer's conclusions, we must examine the Arizona decisions to determine what is meant by the term "stationary", and then decide whether the testimony of Dr. Needham compels a conclusion contrary to that reached by the hearing officer. Under A.R.S. § 23–1062, an injured employee shall receive medical, surgical and hospital benefits, reasonably

required at the time of injury and during the period of temporary disability. In *Home Insurance Company v. Industrial Commission of Arizona,* 23 Ariz.App. 90, 530 P.2d 1123 (1975) we reviewed the statutory and judicial considerations which have given rise to the stationary concept, stating:

"In summary, it is our opinion that in deciding whether an injured workman's condition has become stationary, it is important to keep in mind that the objective is to determine whether, with the passage of time, the workman's physical condition has evolved to that point where it can no longer be considered temporary, but rather should be considered permanent. Recognizing that there are no absolute standards which can be used, the decisions have nevertheless developed the general guidelines which we have set forth in *Aragon* [*Aragon v. Industrial Commission,* 14 Ariz.App. 175, 481 P.2d 545 (1971)] as being whether the workman's physical condition has reached a 'relatively stable status' so that nothing further in the way of medical treatment is indicated to improve that condition. As indicated in *Ossic,* [*Ossic v. Verde Central Mines,* 46 Ariz. 176, 49 P.2d 396 (1935)] this status may be reached even though the workman's physical condition may involve a continuing need for medical benefits. On the other hand, it cannot be said that the need for continuing medical benefits is completely immaterial, if the evidence indicates that the need is directed toward a recovery from the physical condition resulting from the injury as compared to merely maintaining the status quo." 23 Ariz.App. at 94, 530 P.2d at 1127.

Dr. Needham first saw petitioner on June 14, 1974. He performed various tests and examined petitioner several times thereafter, and on August 29, 1974, he arrived at a diagnosis of "arachnoiditis, which is scarring of the nerve roots of the so-called cauda equina." Dr. Needham testified that he "felt that there was little [he] could offer him other than physical therapy and non-narcotic analgesic drugs. And [he] discussed the possibility of another myelogram with him." Dr. Needham also testified that petitioner's "condition is not stationary."

On its face this opinion would require that the hearing officer's award be set aside as lacking a basis in the evidence. However, what a physician may mean by using the term "stationary" is not necessarily the same as the legal definition of stationary. Where further surgery is possible as distinguished from the situation where a further operation is required, that does not preclude the condition from being "stationary" under the legal definition. *Aragon v. Industrial Commission, supra.* It appears from Dr. Needham's testimony that the possibility of a further surgical procedure was in large part the basis for his opinion that petitioner's condition was not stationary. A condition is "stationary" where the underlying condition, the permanent residuals causing the pain, is stable, although the intensity of the pain may not be stable. *Continental Casualty Company v. Industrial Commission,* 23 Ariz.App. 294, 532 P.2d 869 (1975). Doctor Needham, on the other hand, seemed to feel that because petitioner required physical therapy and drugs for his pain, this meant that his condition was not stationary, despite the fact that, in the doctor's own words, ". . . there was little I could offer him than physical therapy and non-narcotic analgesic drugs." This medical testimony, we believe could be viewed by the hearing officer as supportive of the fact that petitioner's condition was stationary.

We further note that the effect of this finding is not to completely deprive petitioner of funds for further treatment. The record reflects that a "Special Findings and Award" was issued in this matter on November 6, 1975, awarding a onetime sum for supportive medical care not to exceed $700. This supplemental award, made pursuant to A.R.S. § 23–1065A(1), was stated to be "subject to annual review and

the continuing jurisdiction of this Commission." Also, it must be emphasized that the question of the effect of petitioner's continuing pain on his earning capacity is not before us—that question remains for future determination.

The award is affirmed.

EUBANK, P. J., and NELSON, J., concur.