NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARIA DE LOS ANGELES GARCIA, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

DMS FACILITY SERVICES, *Respondent Employer*,

HARTFORD ACCIDENT & INDEMNITY CO, *Respondent Carrier*.

No. 1 CA-IC 16-0036
FILED 4-18-2017

Special Action - Industrial Commission
ICA Claim No. 20120-330123
Carrier Claim No. 12D48C129577
Aryka S. Radke, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Erica González-Meléndez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent Industrial Commission of Arizona*

Lester, Norton & Brozina, P.C., Phoenix
By Steven C. Lester, Christopher S. Norton, Rachel P. Brozina
*Counsel for Respondent Employer and Respondent Carrier*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for no loss of earning capacity ("LEC"). On appeal, the petitioner employee ("claimant") argues that issue preclusion barred the administrative law judge ("ALJ") from adopting independent medical examiner Dr. Gary Dilla's recommended work restrictions because Dr. Dilla based his restrictions on the same diagnosis offered by Dr. John Beghin, which was rejected by a different ALJ in the 2013 continuing benefits litigation. Because we conclude issue preclusion did not apply, we affirm the award.

### JURISDICTION AND STANDARD OF REVIEW

¶2        This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016), 23-951(A) (2012), and Rule 10 of the Arizona Rules of Procedure for Special Actions. In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003). We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

### FACTS AND PROCEDURAL HISTORY

¶3        At the time of her industrial injury, the claimant worked as a custodian for the respondent employer, DMS Facility Services. In January 2012, she was standing on a step stool, cleaning the top of lockers, when she fell and landed on her buttocks. She filed a workers' compensation claim, which the respondent carrier accepted for benefits. The claimant received conservative medical treatment for injuries to her sacrum and coccyx.

2

Following an independent medical examination ("IME") by Dr. Beghin, the claimant's condition was found to be medically stationary and the respondent carrier closed her claim with a permanent impairment.

¶4            The claimant timely protested the closure and asserted that she needed continuing active medical care for her injuries. Administrative Law Judge Long held hearings and heard testimony from the claimant, her treating physician, Dr. Sanjay Patel, and independent medical examiner Dr. Beghin. Judge Long resolved the medical conflict in favor of Dr. Patel, and entered an award granting the claimant continuing active medical care. Eight months later, following a new IME by Dr. Matthew Holland, the respondent carrier closed the claim with an unscheduled permanent partial impairment. The ICA then entered its administrative findings and award, determining the claimant had no LEC.[1]

¶5            The claimant timely protested the ICA's LEC determination and requested a hearing, asserting that she had sustained an LEC. Administrative Law Judge Radke held four hearings and heard testimony from the claimant, Dr. Patel, Dr. Dilla, and two labor market experts. Judge Radke adopted Dr. Dilla's opinion as to the claimant's work restrictions, and based on those restrictions, accepted Rebecca Lollich's labor market opinion.

¶6            Relying on Dr. Dilla and Ms. Lollich, Judge Radke entered an award finding that the claimant had sustained no LEC. The claimant timely requested administrative review, and Judge Radke supplemented and affirmed the award.[2] This appeal followed.

---

[1]      The ICA makes the initial determination of whether an unscheduled permanent impairment has resulted in an LEC. *See* A.R.S. § 23-1047 (2016). If a claimant protests the ICA's award, that administrative determination is rendered null and has no value in the subsequent LEC proceedings. *LeDuc v. Indus. Comm'n*, 116 Ariz. 95, 98, 567 P.2d 1224, 1227 (App. 1977).

[2]      The ALJ incorporated by reference the respondent carrier's response to the request for review. *See generally Hester v. Indus. Comm'n*, 178 Ariz. 587, 589-90, 875 P.2d 820, 822-23 (App. 1993) (stating the ALJ may incorporate a post-hearing memorandum in an award).

**ANALYSIS**

**¶7**      As a preliminary matter, the respondents assert that the claimant's request for review was untimely, and the award became final. A request for review must be filed within thirty days of the mailing date of the decision upon hearing and findings and award. *See* A.R.S. § 23-942(D) (2012).

**¶8**      In this case, the claimant had to file the request for review by 5:00 p.m. on April 13, 2016. *See* Arizona Administrative Code ("A.A.C.") R20-5-102, -103. The ICA's date and time stamp reveal that the claimant timely filed the request for review on April 13, 2016 at 4:43 p.m., but the claimant untimely filed the memorandum in support of the request at 11:52 p.m. that same day. A memorandum of points and authorities is not required to obtain administrative review of an award. *See* A.R.S. § 23-943(A) (2012). For that reason, we conclude the claimant timely filed the request for review.[3]

**¶9**      On appeal, the claimant argues that Judge Radke should have rejected Dr. Dilla's opinion regarding her work restrictions because the doctor's opinion was based on the same diagnosis provided by Dr. Beghin and rejected by Judge Long in the 2013 litigation. For that reason, the claimant asserts that issue preclusion[4] prevented Dr. Dilla from basing his opinions on a diagnosis that was inconsistent with Judge Long's 2013 findings.

**¶10**      Workers' compensation claims are administered sequentially through a progression of separate claim stages. *See, e.g.*, *Hardware Mut. Cas. Co. v. Indus. Comm'n*, 17 Ariz. App. 7, 9-10, 494 P.2d 1353, 1355-56 (App. 1972). At each stage, a notice of claim status ("NCS") is issued and becomes

---

[3]      Recognizing the untimeliness of the memorandum of points and authorities, the ALJ did not consider it on administrative review.

[4]      An ICA award has *res judicata* effect by application of principles of issue preclusion and claim preclusion. *See Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 428, 880 P.2d 642, 648 (App. 1993). Issue preclusion occurs when the issue to be litigated was actually litigated in a prior proceeding and a final judgment was entered, the party against whom the doctrine is to be invoked had a full opportunity to litigate the issue, and the issue was essential to the final judgment. *Id.* at 425, 880 P.2d at 645.

final unless timely protested. *See* A.R.S. § 23-947(A) (2012). A timely hearing request opens all issues addressed by the NCS for consideration by the ALJ. *See, e.g., Parkway Mfg. v. Indus. Comm'n*, 128 Ariz. 448, 452, 626 P.2d 612, 616 (App. 1981). An ICA hearing is limited to the issues addressed in the protested notice unless the parties consent to litigate additional issues in a single hearing. *See, e.g., Arellano v. Indus. Comm'n*, 25 Ariz. App. 598, 599-600, 545 P.2d 446, 447-48 (App. 1976).

¶11 During the 2013 litigation, the sole issue in the instant case was whether the claimant needed active medical care and whether she was thus entitled to receive continuing benefits. To be entitled to continuing medical benefits, the claimant had the burden of proving that her physical condition was causally related to her industrial injury and that such condition was not yet medically stationary. *See, e.g., Lawler v. Indus. Comm'n*, 24 Ariz. App. 282, 284, 537 P.2d 1340, 1342 (App. 1975). Judge Long resolved the conflict in medical opinions between Drs. Beghin and Patel in favor of Dr. Patel. Judge Long then held that the claimant's industrially-related medical condition was not yet stationary and that she was entitled to receive continuing active medical treatment until her condition became stationary.

¶12 A claimant becomes medically stationary when her industrially-related condition is not subject to further improvement. *See Janis v. Indus. Comm'n*, 27 Ariz. App. 263, 265, 553 P.2d 1248, 1250 (App. 1976). When a doctor discharges a claimant from active medical treatment, the doctor is required to determine whether the claimant sustained any permanent impairment of function as a result of the industrial injury. *See* A.A.C. R20-5-113(B). If an unscheduled permanent impairment is awarded, the claimant proceeds to an LEC determination. *See Cassey v. Indus. Comm'n*, 152 Ariz. 280, 283, 731 P.2d 645, 648 (App. 1987) (explaining that an LEC is determined through a bifurcated procedure requiring a claimant to first establish a permanent impairment, and second, to establish that the impairment diminished the claimant's earning capacity).

¶13 In this case, the claimant's condition was not medically stationary at the time of the 2013 litigation. Consideration of permanent impairment or its effect on her earning capacity was not at issue, and any findings in that regard would have been premature. *See* A.R.S. § 23-1047(A) (stating the right to permanent disability benefits does not arise until after a claimant's medical condition becomes stationary). For that reason, Judge Radke was not bound by Judge Long's adoption of Dr. Patel's opinion in the 2013 litigation relative to whether the claimant required further active

medical care, and issue preclusion did not bar Judge Radke from adopting Dr. Beghin's opinion regarding work restrictions in the current LEC litigation.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED: AA