NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SUN VALLEY MASONRY, INC., *Petitioner Employer*,

GALLAGHER BASSETT SERVICES, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

RAY A. BUNGARD, *Respondent Employee*.

No. 1 CA-IC 17-0046
FILED 5-1-2018

Special Action - Industrial Commission

ICA Claim No. 20140-430193
Carrier Claim No. 003684-000344-WC-01
The Honorable Gary M. Israel, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Lundmark, Barberich, La Mont & Slavin, P.C., Tucson
By Eric W. Slavin
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

George V. Sarkisov, PLLC, Phoenix
By George V. Sarkisov
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**P E R K I N S**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for unscheduled permanent partial disability benefits. The respondent employee ("Claimant") prevailed before the administrative law judge ("ALJ"), who awarded monthly benefits for a permanent partial disability. The employer and carrier ("Petitioners") object to the award and assert it is barred by a prior award of no lost earning capacity.

¶2        One issue is presented on appeal: whether the ALJ erred by allowing the ICA to rescind its June 2015 Findings and Award for unscheduled permanent partial disability. Because the ICA prematurely entered the June 2015 Findings and Award and claimant timely protested the April 2015 notices of claim status by the petitioner carrier, Gallagher Bassett Services ("Gallagher"), we affirm the ALJ's award.

**PROCEDURAL AND FACTUAL HISTORY**

¶3        At the time of his industrial injury, claimant worked as a mason for the petitioner employer, Sun Valley Masonry, Inc. While removing scaffolding planks, Claimant slipped and fell twelve to fifteen feet and sustained a T12 compression fracture. He filed a workers' compensation claim, which was accepted for benefits. Claimant received conservative orthopedic treatment from Kurt A. Schroeder, M.D., until the doctor found him medically stationary with a ten percent impairment.

¶4        Based on Dr. Schroeder's report, Gallagher issued a notice of claim status ("NCS") on April 6, 2015, finding Claimant's industrial injury stationary with no permanent impairment. On April 27, 2015, Gallagher issued a second NCS amending the first to conform to Dr. Schroeder's report that Claimant sustained a permanent impairment. A carrier may

2

"unilaterally rescind or amend a previously issued Notice of Claim Status within the 90 day statutory period … by simply issuing a new Notice." *Church of Jesus Christ of Latter Day Saints v. Indus. Comm'n*, 150 Ariz. 495, 498 (App. 1986).

¶5 On June 12, 2015, before the expiration of Claimant's time to appeal either NCS, the ICA entered its findings and award for an unscheduled permanent partial disability, which stated in pertinent part that Claimant "sustained a --- % general physical functional disability as a result of … injury," and suffered "no reduced monthly earning capacity." Notably, the June 2015 Findings and Award is inconsistent with Dr. Schroeder's medical report, cited in the accompanying memorandum, which concludes that Claimant has a 10% impairment. On July 2, 2015, Claimant timely protested the April 2015 NCS and requested an ICA hearing.

¶6 Five months later, the ICA issued a decision rescinding its June 2015 Findings and Award and then reissued a virtually identical findings and award for unscheduled permanent partial disability the following day. Claimant timely protested the reissued findings and award and filed a petition for rearrangement pursuant to A.R.S. § 23-1044(F), asserting he had sustained accident-related loss of earning capacity. Gallagher timely protested the rescission of the June 2015 Findings and Award.

¶7 Both parties filed updated medical and labor market evidence, and the ALJ held a hearing at which Claimant and an independent medical examiner, Marjorie Eskay-Auerbach, M.D., testified. After the parties filed post-hearing memoranda, the ALJ entered an award for unscheduled permanent partial disability benefits. As to the rescission, the ALJ found:

> After considering the parties' post-hearing memoranda, the undersigned finds that the June 12, 2015 Findings and Award was prematurely issued before closure, which was protested, became final. That Findings and Award should have been rescinded sooner but, for reasons unknown, the Industrial Commission Claims Division delayed rescission until February 17, 2016. That rescission, however, was appropriate even though it should have been accomplished sooner.

Gallagher timely requested administrative review, and the ALJ summarily affirmed the award. Gallagher next brought this appeal.

3

**DISCUSSION**

**¶8**		This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10. In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003) (citing *PFS v. Indus. Comm'n*, 191 Ariz. 274, 277 (App. 1997)).

**¶9**		On appeal, Gallagher does not challenge the merits of the award and findings of lost earning capacity, but argues the ALJ erred by allowing the ICA to rescind its June 2015 Findings and Award, which Gallagher contends became final and *res judicata* after ninety days. Claimant responds that the ALJ correctly held that Claimant's timely protest of the April 2015 NCS prevented the ICA's June 2015 Findings and Award from becoming final.

**¶10**		When a claimant sustains a compensable industrial injury, three sequential claim stages typically follow: temporary total disability, during which Claimant is unable to work; temporary partial disability, during which Claimant may engage in some work but continues to need active medical treatment; and permanent disability, after Claimant's condition becomes medically stationary. *See Hardware Mut. Cas. Co. v. Indus. Comm'n*, 17 Ariz. App. 7, 9–10 (1972).

**¶11**		A claimant becomes medically stationary when no additional medical treatment will improve his industrially related condition. *See Janis v. Indus. Comm'n,* 27 Ariz. App. 263, 265 (1976) (citing *Home Ins. Co. v. Indus Comm'n*, 23 Ariz. App. 90, 94 (1975)). When a physician discharges a claimant from active medical treatment, the physician is required to determine whether Claimant sustained any permanent impairment of function as a result of the industrial injury. *See* Ariz. Admin. Code R20-5-113(B). If Claimant sustained a permanent impairment, the ICA then determines whether the permanent impairment resulted in a loss of earning capacity. *See* A.R.S. §§ 23-1044(F), -1047(A).

**¶12**		A party dissatisfied with a determination of the insurance carrier or the ICA has ninety days to file a request for a hearing. *See* A.R.S. § 23-947(A). The failure to timely seek a hearing renders the notice or determination final and *res judicata* as to all parties. *See* A.R.S. § 23-947(B). But a timely hearing request opens for consideration all issues addressed by the notice or determination. *See, e.g., Parkway Mfg. v. Indus. Comm'n*, 128

Ariz. 448, 452 (App. 1981) (citing *German v. Indus. Comm'n*, 12 Ariz. App. 301, 307 (1970); *Salmi v. Indus. Comm'n*, 3 Ariz. App. 411, 413 (1966)).

¶13 Procedurally, the right to permanent disability benefits, including compensation for loss of earning capacity, does not arise until after Claimant's medical condition becomes stationary. *See, e.g., Home Ins.*, 23 Ariz. App. at 93 (citations omitted). In this case, Claimant timely protested the April 2015 NCS that found him medically stationary. His protest prevented the NCS from becoming final and opened the issue of whether he was medically stationary for an ICA hearing. For that reason, the June 2015 Findings and Award concerning loss of earning capacity was premature and the ALJ correctly ruled it "null and void." *See* A.R.S. § 23-944(C) (stating ICA orders may be altered or revoked if found not to be in conformity with the law).

**CONCLUSION**

¶14 For the foregoing reasons, we affirm the ALJ's findings and award.



AMY M. WOOD • Clerk of the Court
FILED: AA