NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TENET HEALTH SYSTEM MEDICAL, *Petitioner/Employer,*

NEW HAMPSHIRE INSURANCE CO., *Petitioner/Carrier,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

NICHOLAS KLINTZ, *Respondent Employee.*

No. 1 CA-IC 23-0026
FILED 05-21-2024

Special Action - Industrial Commission
ICA Claim No. 20211620309
Carrier Claim No. 30217412920-0001
The Honorable Colleen Marmor, Administrative Law Judge

**AFFIRMED**

COUNSEL

Pollart Miller, LLC, Phoenix
By Brad J. Miller, Jens D. Omdal
*Counsel for Petitioners, Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Afsham Peimani
*Counsel for Respondent, ICA*

Fendon Injury Law, PLLC, Phoenix
By Donna M. Fendon
*Counsel for Respondent, Employee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review granting Nicholas Klintz (Claimant) medical, surgical, and hospital workers' compensation benefits under A.R.S. § 23-1062(A). At issue is whether the administrative law judge (ALJ) erred by determining that Claimant's condition was not medically stationary. Because sufficient evidence supports the ALJ's findings and award, we affirm.

**BACKGROUND**

¶2 On April 6, 2021, Claimant fell and was injured while working as a pharmacy technician for Tenet Health System Medical (Employer). Over the next few months, he received medical care, including diagnostic imaging and physical therapy, for left leg and lower back pain. His doctors concluded that the pain might stem from a nerve stretch injury or irritation.

¶3 In July 2021, Claimant submitted to an initial independent medical examination (IME). The IME doctor recommended continued conservative care for lumbar strain and lumbar sacral radiculopathy related to the industrial accident.

¶4 Claimant returned to work not long after the IME, but with significant restrictions. He continued to receive medical care but reported no improvement.

¶5 In October 2021, Claimant switched his medical care to neurosurgeon Dr. Abhishiek Sharma. Dr. Sharma saw Claimant six times between October 2021 and May 2022, ultimately diagnosing him with radiculitis caused by a nerve stretch injury and recommending that he pursue surgery to implant a spinal-cord or nerve-specific stimulator.

2

Dr. Sharma found that Claimant could not be considered medically stationary until he received a trial stimulator and either (1) experienced insufficient relief to justify the implantation of a permanent stimulator, or (2) experienced sufficient relief to justify surgery to implant a permanent stimulator. Dr. Sharma acknowledged that the Official Disability Guidelines (which the ICA has adopted, *see* A.A.C. R20-5-1301) did not support his surgical recommendation. However, he explained that the Guidelines do not specifically address stretch injuries for radiculitis, that the Guidelines lag behind Food and Drug Administration (FDA) recommendations, and that his treatment plan was consistent with the FDA recommendations and his practice. Surveillance records showing Claimant lifting and bending did not change Dr. Sharma's opinions.

¶6         Dr. Jon Zoltan, an orthopedic surgeon, conducted a subsequent IME of Claimant in April 2022 and reached different conclusions. Dr. Zoltan opined that the injuries Claimant sustained in the industrial accident had resolved, that he had no nerve stretch injury, and that he was medically stationary with a 3% permanent whole-person impairment attributable to a lumbosacral strain. In Dr. Zoltan's opinion, nothing suggested that Claimant should pursue stimulator surgery. Based on Dr. Zoltan's IME, Employer's insurance carrier, New Hampshire Insurance Company (Carrier), closed Claimant's workers' compensation claim with a permanent unscheduled disability.

¶7         At Claimant's request, the ICA held a hearing on whether his condition was medically stationary. After considering the conflicting evidence, the ALJ adopted Dr. Sharma's opinions and found that Claimant had shown by a reasonable preponderance of credible evidence that he needed further active medical care. Accordingly, the ALJ awarded Claimant medical, surgical, and hospital workers' compensation benefits.

¶8         On review, the ALJ corrected typographical errors but otherwise affirmed the previous ruling. Employer and Carrier then brought this special action.

**DISCUSSION**

¶9         Under A.R.S. § 23-1062(A), an employee injured in an industrial accident is entitled to medical, surgical, and hospital workers' compensation benefits reasonably required at the time of the injury and during the period of disability. Those benefits cease, however, when the claimant's condition becomes medically stationary. *See Tsosie v. Indus. Comm'n*, 183 Ariz. 539, 540 (App. 1995). A claimant has the burden to prove,

by a preponderance of the evidence, a continued entitlement to benefits. *Brooks v. Indus. Comm'n*, 24 Ariz. App. 395, 399 (1975).

¶10        A claimant's condition is stationary if no further medical treatment would improve his or her condition. *Tsosie*, 183 Ariz. at 541. The inquiry focuses not on whether the claimant's pain is stable or whether the claimant needs supportive care, but on whether the underlying physical condition can be changed. *Cont'l Cas. Co. v. Indus. Comm'n*, 23 Ariz. App. 294, 296 (1975). Equivocal medical testimony—that is, testimony that is ambiguous or noncommittal—cannot support a finding that the claimant's condition is non-stationary. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 536, ¶ 13 (App. 2001). The ALJ may disregard medical testimony indicating that further treatment is merely possible rather than required. *See Janis v. Indus. Comm'n*, 27 Ariz. App. 263, 265 (1976).

¶11        It is the ALJ's duty to resolve conflicts in the medical evidence. *See Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988); *see also Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000). We defer to the ALJ's factual findings, viewing the evidence in the light most favorable to affirming. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). We will reverse only if the ALJ's decision is unsupported by any reasonable theory of the evidence. *Carousel Snack Bar*, 156 Ariz. at 46.

¶12        The ALJ was presented with two conflicting medical opinions regarding whether Claimant was medically stationary, and, in resolving that conflict, adopted Dr. Sharma's opinion instead of Dr. Zoltan's. Employer and Carrier argue that Dr. Sharma's opinion is based on subjective complaints and inconclusive diagnostic exams. Evidence belies this argument. Dr. Sharma (unlike Dr. Zoltan) examined Claimant multiple times, personally reviewed his diagnostic imaging, used medical intervention and symptomology to rule out alternate diagnoses, and ultimately arrived at a diagnosis similar to that hypothesized by previous providers. This includes the doctor who conducted the July 2021 IME.

¶13        Though Employer and Carrier emphasize that Dr. Sharma's treatment recommendation was not in the Guidelines, Dr. Sharma—an experienced neurosurgeon—explained that this was because the Guidelines do not address Claimant's type of injury. He then explained that his recommendation was supported by the FDA and his practice.

¶14        The Guidelines create a presumption of what constitutes reasonable medical care, but that presumption may be rebutted by documentation and justification that shows by a preponderance of credible

medical evidence—which may include clinical expertise and judgment—that there is a medical basis for a deviation. A.A.C. R20-5-1301(H). On this record, inconsistency with the Guidelines did not render Dr. Sharma's opinions inherently unreasonable. The ALJ did not err by adopting those opinions.

**¶15** Employer and Carrier argue that Dr. Sharma's recommendation to pursue surgery was equivocal and described only a possible intervention, not required treatment. That argument is contrary to the evidence. Dr. Sharma testified unambiguously that he recommended pursuing surgery because he believed it was Claimant's only option to reach a medically stationary state. The ALJ did not err by concluding that Claimant had proved by a preponderance of the evidence his continued entitlement to benefits under A.R.S. § 23-1062(A).

### CONCLUSION

**¶16** We affirm the ICA award as corrected upon review. In our discretion, we deny Claimant's request for attorney's fees under A.R.S. § 12-349.



AMY M. WOOD • Clerk of the Court
FILED:
TM